**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Patterson, | No. CV-22-00624-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Equifax Information Services LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Mark Patterson's Motion to Enforce the Settlement with Defendant Credit Solutions Corporation (Doc. 25), to which Defendant filed a Response (Doc. 35) and Plaintiff filed a Reply (Doc. 37).

On August 22, 2022, the Court entered an Order (Doc. 17) summarizing this litigation, as follows:

> The Complaint in this matter was filed on April 15, 2022 (Doc. 1). The Court entered an April 15, 2022 Order (Doc. 6) warning Plaintiff to serve Defendants within 90 days of filing the Complaint or they will be terminated. On July 19, 2022, the Clerk, pursuant to the Court's Order, issued a Minute Order (Doc. 9) that dismissed Defendant Credit Solutions Corporation because Plaintiff had not filed the required Certificate of Service. Plaintiff subsequently filed a Motion to Vacate the Minute Order showing he had served Defendant Credit Solutions Corporation prior to the deadline[1] but failed to file proof of service, and asking that Defendant Credit Solutions Corporation be reinstated. (Doc. 9.) The Court reinstated Defendant Credit Solutions Corporation and ordered it to file an Answer by August 8, 2022. (Doc. 10.)

---

[1] The Certificate of Process attached to the Motion indicated Defendant Credit Solutions Corporation was personally served on June 10, 2022. (Doc. 9-1.)

On August 10, 2022, noting that no Answer had been filed as ordered, the Court issued an Order that Plaintiff shall either apply for default or file a status report within seven days concerning the status of Defendant Credit Solutions or the Court would dismiss that Defendant. Instead of filing a status report or default application, as required, Plaintiff needlessly filed another proof of service on August 15, 2022. (Doc. 15; *see also* Doc. 9-1.)

On August 16, 2022, Plaintiff filed a Notice of Settlement as to Credit Solutions Corporation and requested 60 days to file a Stipulation of Dismissal (Doc. 16).

The parties have repeatedly ignored the Court's Orders in this matter. Plaintiff failed to timely file proof of service (Order at Doc. 6) and a status report or default application (Order at Doc. 14). Defendant Credit Solutions failed to timely answer. (Order at Doc. 10.)

The Court dismissed Plaintiff's claims against Defendant with prejudice, each party to bear its own costs and attorneys' fees, basing its dismissal on "the parties' failure to follow Court Orders" and the fact that "the parties have settled and anticipate filing a dismissal." (Doc. 17.)

The purported settlement agreement between Plaintiff and Defendant has apparently now fallen apart, and Plaintiff seeks the Court's intervention in enforcing the terms of the settlement agreement. In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court made clear that

> [f]ederal courts have no inherent power to enforce settlement agreements entered into by parties litigating before them. Rather, courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."

*K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen*, 511 U.S. 375, 379 (1994)). "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382.

Here, the Court entered an Order dismissing Plaintiff's claims with prejudice, and the parties neither asked nor did the Court provide for retaining jurisdiction over a settlement

agreement between Plaintiff and Defendant. Indeed, the Order dismissing Plaintiff's claims was predicated as much on the parties' failure to comply with Court Orders in this case as it was on the parties' notice that they had settled their dispute. (Doc. 17.)

Because the Court did not retain jurisdiction over enforcement of the purported settlement agreement between the parties and there is no independent basis for federal jurisdiction over such an action, the Court will deny Plaintiff's Motion to Enforce.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Enforce the Settlement with Defendant Credit Solutions Corporation (Doc. 25). Because there are no remaining claims in this matter, the Clerk of Court is directed to close this case.

Dated this 24th day of July, 2023.

Honorable John J. Tuchi
United States District Judge